**F I L E D**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

APR 18 2008
Apr 18 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 128 |
| vs. | ) | Judge Milton I. Shadur |
| | ) | |
| ANTHONY CROSBY | ) | |

## PLEA AGREEMENT

1.     This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant ANTHONY CROSBY, and his attorney, DONNA HICKSTEIN-FOLEY, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The parties to this Agreement have agreed upon the following:

### Charge in This Case

2.     The information in this case charges defendant with bank robbery, in violation of Title 18, United States Code, Section 2113(a).

3.     Defendant has read the charge against him contained in the information, and that charge has been fully explained to him by his attorney.

4.     Defendant fully understands the nature and elements of the crime with which he has been charged.

### Charge to Which Defendant is Pleading Guilty

5.     By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the information. The information charges defendant with robbing the West Suburban

Bank, 101 Lake Street, Aurora Illinois, on February 12, 2008, in violation of Title 18, United States Code, Section 2113(a).

## Factual Basis

6.    Defendant will plead guilty because he is in fact guilty of the charge contained in the information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

On or about February 12, 2008, at Aurora, in the Northern District of Illinois, Eastern Division, defendant, by force and violence, and by intimidation, did take from the person and presence of bank employees approximately $1,747.00 in United States Currency belonging to and in the care, custody, control, management, and possession of West Suburban Bank, 101 N. Lake St., Aurora, Illinois, the deposits of which were then insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

Specifically, on February 12, 2008, defendant entered the West Suburban Bank, 101 N. Lake St., Aurora Illinois. He approached the victim teller at his teller counter and handed him a note, written on a torn piece of white lined paper, which read "I Got Gun an Bomb g give me the money." As defendant did so, he said words to the effect of "Someone wrote this. I don't know what is going on." After reading the note, the victim teller touched his computer mouse. Defendant told the victim teller, "Don't be doing all that. Just give me the money. Don't want to hurt anyone." Defendant repeated the words, "Don't want to hurt anyone," several times. Defendant took out a plastic bag with red lettering, placed it on the

2

counter, and slid it towards the victim teller. While the victim teller began putting money in the bag, defendant said, "I need you to hurry up. Give me the real money." As the victim teller continued putting money in the bag, defendant saw that the victim teller had passed over a strapped bundle of $5 bills (totaling $500) in his drawer. Defendant said, "Give me that." When the victim teller put the $5 bills in the bag, defendant motioned for the bag with his hands. After getting the bag, defendant then walked out the front entrance of the bank. A later bank audit showed a loss of $1,747 as a result of the robbery. The West Suburban Bank, 101 N. Lake St., Aurora, Illinois, was insured by the Federal Deposit Insurance Corporation at the time defendant committed the robbery.

## Maximum Statutory Penalties

7.   Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

a.   A maximum sentence of 20 years' imprisonment. This offense also carries a maximum fine of $250,000. Defendant further understands that the judge also may impose a term of supervised release of not more than three years.

b.   Defendant further understands that the Court must order restitution to the victims of the offense in an amount determined by the Court.

c.   In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty or restitution imposed.

3

## Sentencing Guidelines Calculations

8.      Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9.      For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a.      **Applicable Guidelines.** The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2007 Guidelines Manual.

b.      **Offense Level Calculations.**

i.      The base offense level for the charge in Count One of the indictment is 20, pursuant to Guideline §2.B3.1.

ii.     A two level upward adjustment is appropriate pursuant to Guideline §2B3.1(b)(1) because the property of a financial institution was taken.

iii.    A two level upward adjustment is appropriate pursuant to Guideline §2B3.1(b)(2)(F) because a threat of death was made.

iv.     Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government

4

does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline §3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

        v.    In accord with Guideline §3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

        vi.    Therefore, based on the facts known to the government, the anticipated offense level for Count One is 21.

        c.    **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government and stipulated below, defendant's criminal history points equal 17 and defendant's criminal history category is VI:

        i.    On or about November 6, 2007, defendant was convicted of domestic battery and violation of an order of probation in the Circuit Court of Kane County,

Illinois, and sentenced to 12 months' conditional discharge. Pursuant to Guideline § 4A1.1(c), defendant receives one criminal history point for this conviction.

      ii.    On or about October 3, 2007, defendant was convicted of violation of an order of protection in the Circuit Court of Kane County, Illinois, and sentenced to 24 months' probation. Pursuant to Guideline §4A1.1(c), defendant receives one criminal history point for this conviction.

      iii.    On or about April 5, 2007, defendant was convicted of violation of an order of protection in the Circuit Court of Kane County, Illinois and sentenced to 300 days' imprisonment. Pursuant to Guideline §4A1.1(b), defendant receives two criminal history points for this conviction.

      iv.    On or about July 20, 2006, defendant was convicted of possession of a controlled substance in the Circuit Court of Kane County, Illinois and sentenced to 16 days' time served, 32 days' imprisonment and 24 months' probation. On October 4, 2007, defendant was resentenced on a violation of probation to 58 days' imprisonment and 29 days' time served. Pursuant to Guideline §4A1.1(b) and § 4A1.2(k)(1), defendant receives two criminal history points for this conviction.

      v.    On or about March 3, 2005, defendant was convicted of theft of labor/services in the Circuit Court of Kane County, Illinois, and sentenced to 2 months' conditional discharge. Pursuant to Guideline § 4A1.1(c), defendant receives one criminal history point for this conviction.

vi.     On or about January 4, 2005, defendant was convicted of theft of labor/services in the Circuit Court of Kane County, Illinois, and sentenced to six months' supervision. Pursuant to Guideline § 4A1.1(c), defendant receives one criminal history point for this conviction.

vii.     On or about September 16, 2004, defendant was convicted of obstruction of justice in the Circuit Court of DuPage County, Illinois, and sentenced to 365 days' imprisonment. Pursuant to Guideline § 4A1.1(b), defendant receives two criminal history points for this conviction.

viii.     On or about October 17, 2003, defendant was convicted of violation of an order of protection in the Circuit Court of Cook County, Illinois, and sentenced to 70 days' imprisonment. Pursuant to Guideline § 4A1.1(c), defendant receives two criminal history points for this conviction.

ix.     On or about September 16, 2003, defendant was convicted of violation of an order of protection in the Circuit Court of Cook County, Illinois, and sentenced to 34 days' imprisonment. Pursuant to Guideline § 4A1.1(c), defendant receives no criminal history points for this conviction.

x.     On or about July 16, 2003, defendant was convicted of domestic battery in the Circuit Court of Cook County, Illinois, and sentenced to 21 days' time served and 1 year and 6 months' supervision. On or about June 15, 2004, defendant was resentenced on a revocation of supervision in this case and sentenced to 50 days'

7

imprisonment. Pursuant to Guideline § 4A1.1(b) and § 4A1.2(k), defendant receives two criminal history points for this conviction.

     xi.    On or about March 19, 1998, defendant was convicted of retail theft in the Circuit Court of Cook County, Illinois, and sentenced to 2 days' time served. Pursuant to Guideline § 4A1.1(c), defendant receives no criminal history points for this conviction.

     xii.    On or about April 15, 1980, defendant was convicted of theft in the Circuit Court of Cook County, Illinois, and sentenced to 10 days' imprisonment. Pursuant to Guideline § 4A1.(e), defendant receives no criminal history points for this conviction.

     xiii.    Defendant committed the instant offense while under two sentences of probation. On or about October 3, 2007, defendant was sentenced to 24 months' probation as a result of his conviction for possession of a controlled substance. (See 9(c)(ii)). On or about November 6, 2007, defendant was convicted of domestic battery and violation of an order of protection in the Circuit Court of Kane County, and sentenced to 12 months conditional discharge. (See 9(c)(2)(i)). Pursuant to Guideline §4A1.1(d), defendant receives an additional two criminal history points.

     xiv.    Defendant committed the instant offense within two years of release from imprisonment on the sentence imposed in connection with the offense detailed

in 9(c)(iii), above.  Pursuant to Guideline § 4A1.1(e), defendant receives one additional criminal history point.

d.    **Anticipated Advisory Sentencing Guidelines Range.**  Therefore, based on the facts now known to the government, the anticipated offense level is 21, which, when combined with the anticipated criminal history category of VI, results in an anticipated advisory Sentencing Guidelines range of 77 to 96 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

e.    Defendant and his attorney and the government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional Guideline provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

f.    Both parties expressly acknowledge that this plea agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing. The parties may

correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

### Agreements Relating to Sentencing

10.    The government agrees to recommend that sentence be imposed within the applicable guidelines range and to make no further recommendation concerning at what point within the range sentence should be imposed.

11.    It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

12.    Regarding restitution, the parties acknowledge that the total amount of restitution owed is $1,747 to West Suburban Bank, minus any credit for funds repaid prior to sentencing, and that pursuant to Title 18, United States Code, § 3663A, the court must order defendant to make full restitution in an amount to be determined by the Court at sentencing, which amount shall reflect credit for any funds repaid prior to sentencing.

10

Restitution shall be due immediately, and paid pursuant to a schedule to be set by the Court at sentencing.

13.    Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

## Presentence Investigation Report/Post-Sentence Supervision

14.    Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charge against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

15.    Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of his sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

11

16.    For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

17.    This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 08 CR 128.

18.    This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District

12

of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

19.    Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.    **Right to be charged by indictment.** Defendant understands that he has a right to have the charge prosecuted by an indictment returned by a concurrence of twelve or more members of a grand jury consisting of not less than sixteen and not more than twenty-three members.  By signing this Agreement, defendant knowingly waives his right to be prosecuted by indictment and to assert at trial or on appeal any defects or errors arising from the information, the information process, or the fact that he has been prosecuted by way of information.

b.    **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charge against him, and if he does, he would have the right to a public and speedy trial.

i.    The trial could be either a jury trial or a trial by the judge sitting without a jury.  Defendant has a right to a jury trial.  However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii.    If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random.  Defendant and his attorney would participate

13

in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii.    If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt. The jury would have to agree unanimously before it could return a verdict of guilty or not guilty.

iv.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v.    At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi.    At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

14

vii.    At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

c.    **Waiver of appellate rights.**  Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 10 calendar days of the entry of the judgment of conviction.

d.    Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above.  Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

## Other Terms

20.    Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

15

## Conclusion

21.    Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

22.    Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement.  Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

23.    Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

24.    Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

25.    Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney.  Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE:  04/18/08

PATRICK J. FITZGERALD by JRF.
United States Attorney

MAUREEN MERIN
Assistant U.S. Attorney

ANTHONY CROSBY
Defendant

DONNA HICKSTEIN-FOLEY
Attorney for Defendant

17